UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**10-CR-789-7 (NGG)**

JOSE ABREU,

Defendant.
-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Jose Abreu's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence ("Def.'s Mot.") (Dkt. 147); Ltr.-Mot. in Supp. of Def.'s Mot. ("Def.'s Ltr.-Mot.") (Dkt. 152).) For the reasons discussed below, Defendant's motion is GRANTED.

I.    **BACKGROUND**

On September 6, 2012, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). (See Min. Entry (Dkt. 94); J. (Dkt. 127).) At the time of Defendant's federal arrest on this charge, he was serving an eight-year sentence in Texas for a state drug conviction. (See Sentencing Tr. (Dkt. 142) at 14:2-16.) In its Presentence Investigation Report ("PSR"), the Probation Department determined that Defendant's Texas conviction was not a "prior sentence," pursuant to U.S.S.G. § 4A1.2(a), but instead was "relevant conduct" for purposes of federal sentencing. (PSR ¶ 37.) Accordingly, the PSR found Defendant responsible for twenty kilograms of cocaine, including the cocaine involved in the Texas conviction (id. ¶ 12), and calculated his total adjusted offense level to be 31 (id. ¶¶ 29, 38).

At sentencing, the parties agreed that Defendant had met the requirements for a two-point "safety valve" reduction, pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)(1)-(5), resulting

1

in a total adjusted offense level of 29 and waiver of the five-year mandatory minimum. (See Sentencing Tr. at 5:20-6:17, 7:4-6.) Considering Defendant's Criminal History Category of I, the U.S. Sentencing Guidelines (the "Guidelines") recommended an advisory sentencing range of 87 to 108 months of imprisonment. (See id. at 5:8-24.) The court determined that it would grant a downward departure, "taking into account the defendant's remorse and the other circumstances of his background" (id. at 21:11-14), and it declared its intent to impose a sentence of 72 months of imprisonment to run concurrently with the undischarged term of Defendant's state conviction (id. at 21:20-24). However, following a reminder from defense counsel, the court applied a 30-month credit for time served, pursuant to U.S.S.G. § 5G1.3(b).[1] (Id. at 23:23-25:17.) Accordingly, Defendant was sentenced to a term of 42 months of imprisonment to run concurrently to the undischarged state sentence, along with the 30-month credit—for a total of 72 months of imprisonment (in state and federal prison), followed by 4 years of federal supervised release. (See id.; J. at 2-3.)

On August 28, 2015, Defendant filed a pro se motion for sentence reduction. (Def.'s Mot.) On September 3, 2015, the court appointed counsel to represent Defendant for purposes of his motion. (Sept. 3, 2015, Order.) On November 5, 2015, the Government filed a response in opposition to Defendant's pro se motion, on the grounds that Defendant is ineligible for resentencing because his current sentence is below the amended Guideline range. (Gov't's Resp. (Dkt. 151) at 3-4.) On November 24, 2015, Defendant filed a counseled letter-motion in further support of resentencing. (Def.'s Ltr.-Mot.)

---

[1] Section 5G1.3(b) requires a sentencing adjustment where a defendant will not otherwise be credited by the Bureau of Prisons for time already spent in custody for an undischarged term of imprisonment resulting from relevant conduct.

## II. LEGAL STANDARD

Defendant moves to be resentenced pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be reduced "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Pursuant to Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)).

3

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception allowing proportional reduction for a defendant originally sentenced below the Guideline range pursuant to a substantial-assistance motion from the Government). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

The parties agree that Amendment 782 lowered the sentencing range for Defendant's offense. (See Def.'s Ltr.-Mot. at 1; Gov't's Resp. at 3.) Had Amendment 782 and the current Drug Quantity Table been in place at the time of Defendant's sentencing in 2013, see U.S.S.G. § 1B1.10(b)(1), his total offense level would have been 27 (not 29) (see Statement of Reasons (Dkt. 414) (filed under seal) at III), and the Guideline range for his sentence would have been 70 to 87 months of imprisonment (not 87 to 108), see U.S.S.G. § 5A (Sentencing Table). However, the Government argues that Defendant is nonetheless ineligible for resentencing because of U.S.S.G. § 1B1.10(b)(2)(A), which provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range [.]"

(See Gov't's Resp. at 3.) In other words, the Government asserts that, because Defendant's current sentence of 42 months is already below the amended Guideline range, any further reduction would violate § 1B1.10.

A defendant may only be resentenced pursuant to § 3582(c)(2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10, a policy statement of the Sentencing Commission, allows for only one exception to the prohibition on reducing a defendant's term of imprisonment below his or her amended Guideline range: If a defendant was originally sentenced below the previous Guideline range pursuant to a motion from the Government reflecting the defendant's substantial assistance (a "5K1.1 letter"), then the court on resentencing may apply a comparable reduction below the amended range. See U.S.S.G. § 1B1.10(b)(2)(B). Defendant was not sentenced pursuant to a 5K1.1 letter. Instead, as outlined above, he received a discretionary departure of 15 months below the Guideline range based on his "remorse and the other circumstances of his background" (Sentencing Tr. at 21:11-14), and a credit of 30 months to account for time spent in custody for his undischarged state sentence, as required by § 5G1.3(b) (see id. at 23:23-25:17).

With respect to the 15-month downward departure, Defendant does not appear to dispute that § 1B1.10 precludes a comparable reduction at resentencing. Therefore, the parties presumably agree that, had § 5G1.3(b) not applied at Defendant's initial sentencing, Defendant would have been sentenced to a term of 72 months of imprisonment (below his previous Guideline range) and now would be eligible for, at most, a two-month reduction to 70 months, the bottom of his new Guideline range.[2] See United States v. Williams, No. 01-CR-538 (RJD), 2012 WL 2923295, at *1 (E.D.N.Y. July 18, 2012) (granting a sentencing reduction to the

---

[2] The fact that Defendant received a discretionary downward departure of 15 months below the previous Guideline range does not, in and of itself, render him ineligible for resentencing. See U.S.S.G. § 1B1.10 cmt. n. 3.

bottom of the defendant's amended Guideline range but finding that § 1B1.10 prevented the resentencing court from reapplying a further discretionary downward departure comparable to one that the court had previously granted).

Where the parties disagree, however, is with regard to the effect of § 1B1.10 on the availability of a § 5G1.3(b) credit at resentencing. Much of this disagreement appears to stem from confusion as to Defendant's current sentence. While the Government maintains that Defendant was sentenced to a term of only 42 months of imprisonment (see Gov't's Resp. at 3), Defendant argues that "for all relevant purposes, Mr. Abreu was sentenced to a 72-month prison sentence by this Court, and it was only because of the mandatory adjustment provision of § 5G1.3(b)(1) that the judgment in this case reflects a 30-month subtraction from that sentence." (Def.'s Ltr.-Mot. at 3.) According to Defendant, therefore, he is eligible for resentencing because a two-month reduction would not result in a "term [of imprisonment] that is less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Instead, his sentence would be reduced to 40 months, with an amended judgment reflecting the 30-month credit for time served on his state sentence as required by § 5G1.3(b), for a total term of imprisonment of 70 months, at the bottom of his amended Guideline range.

For the following reasons, the court finds Defendant's argument to be correct. Although it is not clear from the Judgment, Defendant was effectively sentenced to a term of 72 months of imprisonment when considering the application of the 30-month credit. The court also finds that § 5G1.3(b) operates as a credit, rather than a reduction in a term of imprisonment. Accordingly, § 5G1.3(b) is not affected by the prohibition contained in § 1B1.10(b)(2)(A).

## A. Effect of U.S.S.G. § 1B1.10(b)(2)(A) on § 5G1.3(b)

Although neither party has cited any case law for its interpretation of the relationship between sections 1B1.10(b)(2)(A) and 5G1.3(b), the court finds United States v. Malloy, 845 F. Supp. 2d 475 (N.D.N.Y. 2012), to be directly on point. In Malloy, Judge Gary L. Sharpe initially imposed a sentence that was 20 months below the defendant's Guideline range, reflecting the application of a 20-month credit pursuant to § 5G1.3(b) for time served in state custody for relevant conduct. Id. at 477-78. The Government argued on resentencing, as it does here, that reapplication of § 5G1.3(b) was barred by § 1B1.10 because it would reduce the defendant's sentence below his amended Guideline range. Id. at 481. Judge Sharpe rejected this interpretation, finding that, while § 1B1.10 "bars a reduction, whether by departure or variance, that imposes a term of imprisonment below the minimum of the amended guideline range . . . . [i]t does not, however, address a situation, such as this one, where the defendant was given credit for relevant conduct." Id. at 482; see also id. ("Simply put, section 5G1.3(b) adjusts only the amount of time the defendant will remain incarcerated in order to fulfill the term of imprisonment imposed.").[3]

The court agrees that a sentence adjustment pursuant to § 5G1.3(b) is best interpreted as a mandatory credit applied in order to effectuate the ultimate term of imprisonment that a defendant will serve, rather than a discretionary departure or variance implicated by § 1B1.10.

---

[3] The court in Malloy also determined that § 1B1.10 did not apply to downward departures under § 5K2.23, although the court acknowledged that this interpretation was "not as clear." 845 F. Supp. 2d at 482. Section 5K2.23 provides that "a downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." In fact, one court has rejected Malloy's interpretation of § 5K2.23 departures as "credits" outside the ambit of § 1B1.10. See United States v. Shows, No. 09-CR-084 (PJS), 2015 WL 2341031, at *3-4 (E.D. Tenn. May 14, 2015) (disapproving of Malloy and noting that, because § 5K2.23 authorizes "downward departures," it is plainly barred by § 1B1.10). Although the court agrees with Malloy's interpretation of § 5G1.3(b), it does not express a view on § 5K2.23, as that section is not implicated in this case.

7

Section 5G1.3(b) therefore operates similarly to 18 U.S.C. § 3585(b), pursuant to which the Bureau of Prisons ("BOP") awards credit for time spent in custody prior to the imposition of a sentence. Section 5G1.3(b) applies, however, where the BOP would not otherwise award this credit. In these situations, it is necessary for the sentencing court to apply the credit itself in order to prevent the defendant from serving a sentence that is longer than the court intended. See United States v. Dean, No. 95-CR-31 (MOC), 2015 WL 5457847, at *6 (W.D.N.C. Sept. 16, 2015) (finding Malloy persuasive, and reasoning that, "[t]o hold otherwise ... would result in an uncalled-for (if not undeserved) deprivation of liberty as defendant would be required to re-serve time everyone agrees he has already served").

A close reading of the Guidelines further supports this interpretation. Application Note 2(C) to § 5G1.3(b) refers to an "adjustment" of the sentence "for a period of time already served." Conversely, Application Note 4(E) to § 5G1.3(d)—which applies to other cases involving undischarged terms of imprisonment that do not fall under subsection (b)—is entitled "Downward Departure," and explains: "Unlike subsection (b), subsection (d) does not authorize an adjustment of the sentence [for time served]. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart." U.S.S.G. § 5G1.3(d) cmt. n. 4(E) (emphasis added). The Guidelines therefore distinguish between adjustments and downward departures. Moreover, § 5G1.3(b) is clearly mandatory, explaining how the sentence "shall be imposed" and directing that the court "shall adjust the sentence," while other provisions applying to departures or variances grant the court discretionary authority. It would reflect a strange policy choice by the Sentencing Commission if a mandatory adjustment for time served were suddenly forbidden upon resentencing, as though the defendant had somehow "un-served" that time in the interim.

8

Finally, the court readily concedes that the initial Judgment should have more clearly articulated the desired term of imprisonment (72 months) and indicated the application of § 5G1.3(b) to that effect. See U.S.S.G. § 5G1.3(b) cmt. n. 2(C).[4] However, "the Second Circuit has 'consistently rejected the notion' that a district court cannot provide 'post-sentencing clarification of the grounds for its sentence.'" Malloy, 845 F. Supp. 2d at 479 (quoting United States v. Swint, 442 F. App'x 614, 616 (2d Cir. 2011) (summary order)). Furthermore, the sentencing transcript indicates that the court imposed a sentence of 72 months and later applied a 30-month credit as required by § 5G1.3(b). (See Sentencing Tr. at 21:20-24, 25:14-17 ("[T]he purpose is 72 months. So I'm going to adjust based on that representation. I'm going to adjust going forward to 42 months.").) See also United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004) ("[I]n the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." (citing United States v. Handakas, 329 F.3d 115, 117 (2d Cir. 2003))).

Therefore, the court finds that Defendant is eligible for resentencing. As the Government acknowledges, Amendment 782 lowered the sentencing range for Defendant's sentence. (Gov't's Resp. at 3.) Under the current Drug Quantity Table, the Guideline range for Defendant's sentence is 70 to 87 months of imprisonment. See U.S.S.G. § 5A (Sentencing Table). As explained above, § 1B1.10 does not prevent the court from adjusting this sentence

---

[4] Application Note 2(C), entitled "Imposition of Sentence," instructs:

> "If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (e.g., §5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons."

The Judgment in this case did not include this explanation. (See J.)

9

through a 30-month credit, as required by § 5G1.3(b). Accordingly, the court next considers whether the two-month reduction in sentence is warranted given the factors outlined in 18 U.S.C. § 3553(a).

### B. Consideration of § 3553(a) factors

Under the Guidelines, the court is authorized to reduce Defendant's term of imprisonment by up to two months, from 72 months to as low as 70 months—the minimum under the amended Guideline range. See U.S.S.G. § 5A (Sentencing Table); id. § 1B1.10(b)(2)(A). Upon review of the § 3553(a) factors, the court finds that a modest, two-month reduction in Defendant's sentence is warranted. The Government has not provided any arguments that a sentence reduction would be unwarranted or would pose a danger to the community. Furthermore, Defendant's record from prison indicates that he has not committed any infractions and has completed several educational courses. (Inmate Data Record (Def.'s Ltr.-Mot., Ex 1 (Dkt. 152-1)) at 1-2.) Therefore, a sentence of 70 months of imprisonment— representing the bottom of the amended Guideline range and the lowest sentence the court may impose—is appropriate here.[5]

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 70 months and a credit of 30 months as required by U.S.S.G. § 5G3.1(b).[6] The Amended Judgment will also reflect a change

---

[5] While the court initially sentenced Defendant below the Guideline range in 2013, § 1B1.10(b)(2)(A) bars a comparable downward departure on resentencing. See Williams, 2012 WL 2923295, at *1.

[6] See Malloy, 845 F. Supp. 2d at 484 n.17 ("In applying a credit under section 5G3.1(b), the court still imposes an eighty-four (84) month (guideline) sentence on Malloy, and simply instructs the Bureau of Prisons that in administering that sentence, Malloy is to be credited for time he already served.").

to the special conditions of supervised release, such that Defendant is directed to participate in an outpatient (as opposed to inpatient) drug treatment program.[7] The court does not alter any other portion of the February 20, 2013, Judgment (Dkt. 127), including the remaining special conditions of supervised release and the $100 special assessment.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 15, 2015

NICHOLAS G. GARAUFIS
United States District Judge

---

[7] See United States v. Matta, 777 F.3d 116, 123 (2d Cir. 2015) (holding that the district court may not delegate to the probation department the decision of whether a defendant will be required to participate in an inpatient or outpatient drug treatment program as a condition of supervised release). If, upon Defendant's release, the Probation Department believes strongly that an inpatient drug treatment program is necessary, the Department may file a recommendation to that effect with the court for consideration. Defendant may object to the recommendation or may consent and waive the right to file a response.